```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SECURITIES AND EXCHANGE           :
COMMISSION,                       :
                                  :
     Plaintiff,                   :
                                  :
V.                                :       CASE NO. 3:12cv1068(RNC)
                                  :
JERRY S. WILLIAMS,                :
MONK'S DEN LLC and                :
FIRST IN AWARENESS, LLC,          :
                                  :
     Defendants.                  :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff, the Securities and Exchange Commission, brings this action against, inter alia, defendant Jerry Williams ("Wiiliams"), alleging that he violated the Securities Act of 1933, the Securities and Exchange Act of 1934, and the Investment Advisers Act of 1940.  The defendant Williams is proceeding pro se. On February 27, 2013, the plaintiff filed a motion to compel.[1] (Doc. #25.)  The plaintiff seeks an order compelling defendant Williams to provide initial disclosures and responses to interrogatories.  In the event the defendant fails to obey such an order, the plaintiff asks that default judgment be entered against the defendant.  Despite notice, the defendant has not responded to the plaintiff's motion.  See D. Conn. L. Civ. R. 7(a) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings

---

[1] On February 28, 2013, Judge Chatigny referred the motion to the undersigned.  (Doc. #29.)

provide sufficient grounds to deny the motion.")  The court rules as follows:

A.   <u>Initial Disclosures</u>

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), "[a] party must make initial disclosures at or within 14 days after the parties' Rule 26(f)conference unless a different time is set by stipulation or court order . . . ."  On December 11, 2012, the court conducted a conference call to discuss the parties' Rule 26(f) report and thereafter entered a scheduling order.  (Doc. #22, 23.)  To date, the defendant has not made initial disclosures.  The plaintiff's motion to compel the defendant to provide initial disclosures is granted.  Pursuant to D. Conn. L. Civ. R. 37(d), the defendant's "compliance with [the court's order] shall be made within fourteen (14) days of the filing of the Court's order."

B.   <u>Interrogatories</u>

The plaintiff served the defendant with interrogatories on December 18, 2012.  Pursuant to Fed. R. Civ. P. 33(b)(2), "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." To date, the defendant has not responded to the interrogatories.  The plaintiff's motion to compel the defendant to serve written responses to the interrogatories is granted. Pursuant to D. Conn. L. Civ. R. 37(d), the defendant's "compliance with [the court's order] shall be made within fourteen (14) days of the filing of the

2

Court's order."

C.   Sanctions

The plaintiff next seeks an order that default judgment shall enter against the defendant if he fails to meet the above deadline. The defendant's motion for "contingent sanctions" is denied without prejudice as premature.

Although the court affords special solitude to parties appearing pro se, see Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 475 (2d Cir.2006), "all litigants, including pro ses, have an obligation to comply with court orders." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). "When they flout that obligation they, like all litigants, must suffer the consequences of their actions." Id.   See Bambu Sales v. Ozak Trading, 58 F.3d 849, 854 (2d Cir. 1995)("[D]iscovery orders are meant to be followed.  A party who flouts such orders does so at its peril.")  A district court may sanction a party who fails to comply with a discovery order of that court, including entering default judgment. See Fed. R. Civ. P. 37(b)(2)[2].  "[P]ro

---

[2] Specifically, Rule 37(b)(2) provides, in pertinent part:
If a party or a party's officer, director, or managing . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders. They may include the following:
(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

3

se litigants are not generally familiar with the procedures and practices of the courts.  While they have no right to ignore or violate court orders, they must nonetheless be made aware of the possible consequences of their actions."  Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990). Accordingly, the defendant is cautioned that if he fails to comply with this court's order to provide initial disclosures and respond to plaintiff's December 18, 2013 interrogatories, the court may impose sanctions, including default judgment and/or imposition of reasonable expenses.

    SO ORDERED at Hartford, Connecticut this 2nd day of April, 2013.

                              _____/s/_____
                              Donna F. Martinez
                              United States Magistrate Judge

---

    (iii) striking pleadings in whole or in part;
    (iv) staying further proceedings until the order is obeyed;
    (v) dismissing the action or proceeding in whole or in part; [or]
    (vi) rendering a default judgment against the disobedient party . . . .
Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi). Moreover, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(b)(2)C).